# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE T. MILLER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　　Respondent.　　　　　　／ | CV F   06-069 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 31, 2005, in the United States District Court for the Eastern District of California, Sacramento Division. By order of June 1, 2005, the action was transferred to the United States District Court for the Northern District of California. (Court Doc. 4.) However, on January 9, 2006, the action was transferred to the United States District Court for the Eastern District of California, Fresno Division. (Court Doc. 11.)

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

1

(9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The instant petition for writ of habeas corpus consists of two separate state habeas corpus petitions that were presented to the state courts.  In the first petition, Petitioner contends that the California Department of Corrections (hereinafter "CDC") decision to deny gastric bypass surgery is cruel and unusual punishment in violation of the Eighth Amendment.  In the second petition, Petitioner contends that his sentence was illegally enhanced pursuant to California Health and Safety Code section 11370.2 and that his trial counsel was ineffective for allowing the trial court to impose the enhancement.

With regard to the first petition, the claim is not properly raised via section 2254.  The fact that CDC will not authorize Petitioner to receive gastric bypass surgery challenges the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

With regard to the second petition, Petitioner's claim that his sentence was illegally enhanced pursuant to California Health and Safety Code section 11370.2 fails to state a cognizable federal constitutional violation.  Petitioner is advised that habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).  [T]he availability of a claim under state law does not of itself

establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989).  Accordingly, Petitioner's claim that his sentence was illegally enhanced under state law must be dismissed.

Petitioner's second claim that counsel was ineffective is cognizable under section 2254 and Petitioner may proceed with that claim.  Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Petitioner's claims regarding the denial of gastric bypass surgery and that his sentence was illegally enhanced under state law be DISMISSED from the action for failure to state a cognizable federal constitutional violation; and

2. This action be referred back to the Magistrate Judge for further proceedings on Petitioner's ineffective assistance of counsel claim.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 26, 2006**             **/s/ Dennis L. Beck**
3b142a                          UNITED STATES MAGISTRATE JUDGE