# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE T. MILLER, | CV F   06-0069 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 20] |
| GARY BYRD, District Administrator of Region I Parole Office | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

PROCEDURAL BACKGROUND

Petitioner pled guilty to possession of cocaine for sale and admitted a number of sentencing enhancements.  On August 16, 2000, Petitioner was sentenced to a determinate state prison term of ten years.  (Lodged Doc. 2.)

Petitioner did not appeal the August 16, 2000, judgment.

Petitioner did, however, file seven state habeas corpus petitions.[2]

---

[1] Respondent submits that on November 1, 2005, Petitioner was paroled to Region I.  (Lodged Doc. 1.) Gary Byrd is the District Administrator of the Region I Parole Office.  Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Gary Byrd is substituted as Respondent in this action.

[2] As Respondent submits, Petitioner filed two additional state post-conviction collateral challenges, both challenged the California Department of Corrections and Rehabilitations decision to not provide Petitioner with gastric bypass surgery.  This claim was dismissed on March 30, 2006 and, therefore, the petitions relating to that claim are irrelevant and will not be addressed.

1

1  On February 26, 2003, Petitioner filed a first petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 3.) The petition was denied on March 6, 2003. (Lodged Doc. 4.)

On March 20, 2003, Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court. (Lodged Doc. 5.) The petition was denied on November 12, 2003. (Lodged Doc. 6.)

Petitioner filed a third petition for writ of habeas corpus on April 29, 2004, in the Stanislaus County Superior Court. (Lodged Doc. 7.) The petition was denied on May 5, 2004. (Lodged Doc. 8.)

Petitioner filed a fourth petition for writ of habeas corpus in the California Court of Appeal on June 23, 2004. (Lodged Doc. 9.) The petition was denied on July 23, 2004. (Lodged Doc. 10.)

Petitioner filed a fifth petition for writ of habeas corpus in the Stanislaus County Superior Court on August 11, 2004. (Lodged Doc. 11.) The petition was denied on August 12, 2004. (Lodged Doc. 12.)

Petitioner filed a sixth petition for writ of habeas corpus in the California Court of Appeal, on September 7, 2004. (Lodged Doc. 13.) The petition was denied on September 17, 2004. (Lodged Doc. 14.)

Petitioner filed a seventh petition for writ of habeas corpus in the California Supreme Court on October 28, 2004. (Lodged Doc. 15.) The petition was denied on February 2, 2005.

Petitioner filed the instant petition for writ of habeas corpus on March 31, 2005, in the United States District Court for the Eastern District of California, Sacramento Division. By order of January 9, 2006, the action was transferred to this Court.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on November 30, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was sentenced on August 16, 2000, and he did not file an appeal. Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Cal.R.Ct. 31(a); People v. Mendez, 81 Cal.Rptr.2d, 301, 19 Cal.4th 1084, 969 P.2d 146 (1999). Because Petitioner did not file a notice of appeal his direct review concluded on October 15, 2000, sixty (60) days after the time for filing an appeal expired. Thus, the one-year statute of limitations period commenced running the following day - October 16, 2000. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)[3] Therefore, the statute of limitations expired on October 15, 2001. Petitioner did not file the instant petition until March 31, 2005.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court

---

[3] The limitations period may begin running later under certain specified circumstances, none of which are applicable here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

4

1  rejects the petitioner's final collateral challenge."[4] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
2  1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);
3  Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the
4  limitations period during the time a petitioner is preparing his petition to file at the next appellate
5  level reinforces the need to present all claims to the state courts first and will prevent the
6  premature filing of federal petitions out of concern that the limitation period will end before all
7  claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,
8  will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan
9  v. Walker, 533 U.S. 167 (2001).

10       As Respondent correctly argues, although Petitioner filed several state post-conviction
11  collateral challenges, he did not file any within the limitations period.  Petitioner filed the earliest
12  of the seven state post-conviction challenges on February 26, 2003, over sixteen months after the
13  statute of limitations expired.  (Lodged Doc. 3.)  Because the limitations period had already
14  expired, the collateral challenge had no tolling consequence.  Jiminez v. Rice, 276 F.3d 478, 482
15  (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to
16  tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256
17  (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Accordingly, neither the
18  first nor the subsequent state post-conviction collateral challenges extend the statute of
19  limitations, and the instant petition is untimely.
20  D.    Equitable Tolling
21       The limitations period is subject to equitable tolling if "extraordinary circumstances
22  beyond a prisoner's control" have made it impossible for the petition to be filed on time.
23  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v.
24  United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139
25
26      [4] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original
27  habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of
28  Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

(1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

Petitioner did not file an opposition and has not presented any grounds for equitable tolling. Thus, the instant petition for writ of habeas corpus is barred by the statute of limitations and must be dismissed, with prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as untimely be GRANTED; and

2. The instant petition be DISMISSED, with prejudice, and judgment be entered in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with

///
///
///
///
///
///
///

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

**Dated:   August 29, 2006**                              **/s/ Dennis L. Beck**
3b142a                                                    UNITED STATES MAGISTRATE JUDGE